NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALFRED MUCCI, ET AL., | : |
| Plaintiffs, | : Civil Action No. 12-1840 (JLL) |
| v. | : |
| DECISION ONE MORTGAGE, ET AL., | : REPORT AND RECOMMENDATION |
| Defendants. | : |

I. **INTRODUCTION**

This matter comes before the Court on motion of the plaintiffs to remand to state court. The Undersigned has considered this matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Undersigned recommends that the Motion to Remand be denied without prejudice.

II. **BACKGROUND**

A. **Factual Background**

This is a case alleging mortgage refinance fraud. The plaintiffs, Alfred and Maria Mucci, were in financial distress when unknown employees or agents of Decision One Mortgage telephoned Mr. Mucci and allegedly made false promises of favorable terms to induce the plaintiffs to refinance their home. (Compl. (attached as Ex. 1 to the Notice of Removal) at 3 ¶ 2, 4 ¶¶ 6–7, 6 ¶ 16, 7 ¶ 21, filed Mar. 26, 2012, ECF No. 1-1.) On December 5, 2006, two unknown employees of Decision One Mortgage came to the plaintiffs' home to close on the new

1

mortgage and promissory note. (Id. at 5 ¶ 8.) At that time, the plaintiffs objected to the loan terms because they were different from the terms previously offered, but the unknown employees allegedly "used a series of high pressure and deception techniques to coerce and deceive [p]laintiffs into executing the loan agreement." (Id. at 5–6 ¶¶ 9–16.) The mortgage and promissory note were assigned to Wilshire Credit Corporation and thereafter to a series of different entities: (1) Bank of America Home Loans Servicing, LP; (2) Bank of America Home Loans; and (3) HSBC Bank USA. (Id. at 7–9 ¶¶ 20, 34, 37–38.) Throughout this time, the plaintiffs unsuccessfully sought better loan terms from Decision One Mortgage and, later on, loan modification from the various assignees. (Id. at 7–9 ¶¶ 19, 27–32, 35–36.)

### B.    Procedural History

On December 20, 2011, the plaintiffs filed the Complaint in the Superior Court of New Jersey Law Division, Essex County, alleging that the defendants committed fraud, violated the New Jersey Consumer Fraud Act, and violated the covenant of good fair and fair dealing. (See Compl.; see also Notice of Removal ¶ 1, Mar. 26, 2012, ECF No. 1.)

The defendants include Decision One Mortgage, FGC Commercial Mortgage Finance, Wilshire Credit Corp., BAC Home Loan Servicing LP,[1] and HSBC Bank USA. (See Compl. at 2–3, ¶¶ 2– 8.) The plaintiffs assert no facts regarding the citizenship of these defendants. (See Id.) The defendants also include "John Does 1–10" who are the agents or employees that

---

[1] The plaintiffs also name Bank of America Home Loans as a defendant, but the Notice of Removal asserts that this is an erroneous identification for another already named defendant: BAC Home Loan Servicing, LP. (Notice of Removal ¶ 2(d).) Bank of America, N.A. elsewhere indicates that Bank of America, N.A. is the real defendant here for both BAC Home Loans Servicing, L.P. and Bank of America Home Loans. (See Notice of Appearance, Apr. 12, 2012, ECF No. 9–10.)

contacted the plaintiffs and allegedly induced them into executing the December 5, 2006 refinance. (See, e.g., id. at 9, ¶ 2.) As to "John Does 1–10," the Complaint states, verbatim, as follows:

> The defendants John Does 1-10 are employees of Decision One Mortgage who operated as the agents of Decision One Mortgage and FGC Commercial Mortgage Finance, DBA Fremont Mortgage. The defendants John Does 1-10 are named for fictitious individuals or entities including, but not limited to individuals and/or entities who, at all times relevant hereto.[sic] Plaintiffs will apply to this motion by way of a motion to include such individuals or entities upon the discovery of such identity. [sic]
> . . . .
> At various times prior to December 5, 2006 the Plaintiff, Albert Mucci, was contacted by telephone by John Does 1-10 who were employees and agents of Decision One Mortgage. The specific identity of these individuals is not known to Plaintiffs. This information which lies within the exclusive control of defendant, Decision One Mortgage will be obtained during discovery.

(Id. at 2 ¶ 4; 3 ¶ 2.)

On March 26, 2012, defendant Decision One Mortgage removed this case to this Court, asserting that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. (Notice of Removal ¶ 5.) The Notice of Removal avers that the named corporate defendants are citizens of states outside of New Jersey. (Id. ¶¶ 7–11.)[2]

On April 25, 2012, the plaintiffs moved to remand asserting that complete diversity was absent because the unknown "John Does" are "likely citizens of New Jersey." (Mot. to Remand at 2, Apr. 25, 2012, ECF No. 16-3.) On May 7, 2012, Decision One Mortgage filed a brief in opposition to the Motion to Remand. (Def.'s Opp'n to Mot. to Remand, May 7, 2012, ECF No. 21.) On May 11, 2012, the plaintiffs voluntarily dismissed Decision One Mortgage without

---

[2] The plaintiffs made no challenge to the defendants' assertions of their citizenship. (Cf. Mot. to Remand at 8 (stating that "assuming that Decision One is as it contends a citizen of California and Illinois for the purpose[s of] determining diversity.").)

prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  (Notice of Voluntary Dismissal, May 11, 2011, ECF No. 22.)  On May 14, 2011, the Court dismissed Decision One Mortgage without prejudice.  (Order, May 14, 2011, ECF No. 23.)

On August 1, 2012, the plaintiffs filed a letter outlining the procedural history of this case and asserting that the Motion to Remand was unopposed and moot because Decision One Mortgage was dismissed from the action.  (Pls.' Letter, Aug. 1, 2012, ECF No. 30.)  On August 3, 2012, the remaining defendants filed a letter contesting this assertion and stating that the motion was still awaiting resolution.  (Defs.' Letter, Aug. 3, 2012, ECF No. 32.)

### III. DISCUSSION

A decision to remand is dispositive.  In re U.S. Healthcare, 159 F.3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court.").  Accordingly, the Undersigned makes the following report and recommendation to the assigned United States District Judge, the Honorable Jose L. Linares.

#### A. Whether the Motion is Moot

The parties' recent letters contest whether the Motion to Remand became unopposed and moot when the Court voluntarily dismissed Decision One Mortgage without prejudice.  The Undersigned resolves the motion on its merits as the Court must consider whether it has subject matter jurisdiction over this controversy and cannot refrain from exercising diversity jurisdiction where it is proper.  See Foster v. Chesapeake Ins. Co., Ltd., 993 F.2d 1207, 1214, 1216 (3d Cir. 1991) (citing Carnegie-Mellon University v. Cohill, 484 U.S. 343, 356 (1988)) ("Here, of course, removal was based on diversity of citizenship, and the district court did not have discretion to

decline to exercise jurisdiction: its jurisdiction was mandatory.") (emphasis in original); Cohens v. Virginia, 19 U.S. 264, 404 (1821) ("It is most true that this Court will not take jurisdiction if it should not: but it is equally true, that it must take jurisdiction if it should. . . . We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. The one or the other would be treason to the constitution."). As explained below, while doubts are resolved in favor of remand, the plaintiffs' arguments for remand are without merit, and there is no doubt of the Court's jurisdiction based on the present record. Under similar circumstances, courts have considered whether removal was proper even when a motion to remand was unopposed. See, e.g., Raspa v. Home Depot, 533 F. Supp. 2d 514, 515 (D.N.J. 2007) (denying motion to remand despite lack of opposition); Meier v. Jerry M. Barner & Sons, Inc., Civ. No. 99-269, 1999 WL 178369, at *1 (E.D. Pa. Mar. 29, 1999) (same).

**B.     Motion to Remand**

Title 28, Section 1441(a) of the United States Code permits a defendant to remove a civil action in state court to a federal court where the action could have been filed originally, that is, where the federal court has subject matter jurisdiction over the action. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). For removal based on diversity of citizenship, as here, "a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant." In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006).

When considering whether removal is proper, citizenship is evaluated at the time the complaint is filed. Washington v. Hovensa LLC, 652 F.3d 340, 344 (3d Cir. 2011). The citizenship of parties with fictitious names such as "John Doe" or ABC Corporation are

disregarded for purposes of determining diversity. 28 U.S.C. § 1441 (b)(1). Even partially named defendants are disregarded. Brooks v. Purcell, 57 F. App'x 47 (3d Cir. 2002); Joshi v. K-Mart Corp., Civ. No. 06-5448, 2007 WL 2814599 (D.N.J. 2007). However, "a name will not be treated as fictitious merely because the name varies from that on a person's birth certificate," where for example, "Bill" is named instead of "William" or a person's maiden name is used instead of a married name. Brooks, 57 F. App'x at 50. If a plaintiff seeks to add non-diverse defendants after removal, thereby destroying diversity jurisdiction, "the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. 1447(e).

Here, the only dispute is whether the Court may consider the citizenship of the unknown "John Doe" defendants who allegedly induced the plaintiffs to refinance their mortgage. The plaintiffs allege that the fictitiously named "John Doe" defendants are specific individuals employed by Decision One who are "likely citizens of New Jersey," and thus break complete diversity and render jurisdiction improper. (Mot. to Remand at 2, 6, ECF No. 16-3.)

The plaintiffs' assertions are insufficient. The plaintiffs' conclusion that the John Doe defendants are "likely" or "very likely" citizens of New Jersey is an inference based upon the plaintiffs' allegations that they are employees of Decision One Mortgage and that they committed their misconduct in New Jersey. Such assertions do not permit a Court to break with the plain directives of 28 U.S.C. § 1441(b)(1). For example, in Brooks, a plaintiff argued that the partially named defendants broke complete diversity, and the Third Circuit Court of Appeals thus considered "whether Sue Doe, Jennifer Doe, Ozzie Doe, and Jane Doe Cook have been sued 'under fictitious names.'" Brooks, 57 F. App'x at 50. The Third Circuit concluded that Brooks had no reason to believe that the names he provided were really the names of those defendants

6

and that "he did not supply sufficient information for the district court to know the specific identity of the four partially named defendants." Id.  Similarly, in Joshi, a plaintiff's assertions were insufficient where he named a defendant called "Frank Last Name Unknown," and merely asserted that he was a citizen of New Jersey because he worked in New Jersey.  Joshi, 2007 WL 2814599, at *2.  Accordingly, the citizenship of the plaintiffs' John Does will be disregarded for purposes of diversity under 28 U.S.C. § 1441.

Discovery may later prove the plaintiffs' inference correct, but that is a question for another day.  As Brooks observed, a federal court must remand a removed case if it appears any time before final judgment that the court lacks subject matter jurisdiction, and therefore cases removed from state court are "effectively . . . subject to an ongoing constructive motion to remand."  Id. at 50.  The fact that a defendant possesses the information regarding the identities of unknown defendants changes nothing.  Id. at 50–51.  Thus, pursuant to 28 U.S.C. 1447(e), the plaintiffs certainly may renew their motion to remand upon the discovery of information that identifies the citizenship of the defendants.[3]

Lastly, the plaintiffs assert that there is a "very well established" exception that permits a court to consider the citizenship of their fictitious defendants.  (Mot. to Remand 7.)  To support

---

[3] If at any point before final judgement it appears the Court no longer possesses subject matter jurisdiction, the case must be remanded.  28 U.S.C. § 1447(c); see also Caterpillar v. Lewis, 519 U.S. 61, 69 (1996).  When considering a motion to remand in an action based on diversity, courts strictly construe 28 U.S.C. § 1441 against the removal and in favor of remand to honor Congress' intent to restrict federal diversity jurisdiction.  See Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004) (citing Boyer v. Snap-On Tools Corp,, 913 F.2d 108, 111 (3d Cir. 1990)); Brown v. Francis, 75 F.3d 860, 864–65 (3d Cir. 1996).

this contention, the plaintiffs rely on four cases outside this circuit.[4]  Notably, the decision in Howell v. Circuit City, 330 F. Supp. 2d 1314 (M.D. Ala. 2004), succinctly and persuasively rejected the purported exception embodied in these cases.[5]  For substantially the same reasons, they do not assist the plaintiffs here.

First, the plaintiffs' cases either predate Congress's 1988 Amendments to the removal statute or rely on those earlier cases.  In 1988, Congress first added language requiring courts to disregard fictitious defendants.  See Judicial Improvements and Access to Justice Act, Pub. L. No. 100–702, § 1016(a), 102 Stat. 4642 (1988); 13F Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3642 (3d ed. 2012).  Congress added this language to curtail the practice of allowing plaintiffs to name fictitious defendants and thereby destroy diversity.[6]  The

---

[4] Namely, Brown v. TransSouth Fin. Corp., 897 F. Supp. 1398, 1401 (M.D. Ala. 1995), Tompkins v. Lowe's Home Ctr., Inc., 847 F. Supp. 462, 464 (E.D. La. 1994), Wright v. Sterling Investors Life Ins. Co., 747 F. Supp. 653, 655 (N.D. Ala. 1990), and Green v. Mut. of Omaha, 550 F. Supp. 815, 818 (N.D. Cal. 1982).

[5] In Howell, the district court judge stated that:

Notwithstanding the apparent clarity of § 1441(a), the Plaintiff has pointed to a few district court cases as authority for the proposition that, since the Defendants do not deny that their employees at the Montgomery store are residents of Alabama, the citizenship of such employees, as fictitious Defendants, should be considered.  These cases do not support the Plaintiff's argument. They either involve cases in which the Plaintiff was seeking to add a resident defendant by amendment (Marshall, Brown, Wright), or predate the 1988 amendment (Green), or incorrectly rely on pre–1988 law (Tompkins).

Howell, 330 F. Supp. 2d at 1317–18 (internal citations omitted).  Howell is not the only court to reject these cases.  See, e.g., Maynard v. Target Corp., Civ. No. 08-4796, 2010 WL 2464800, at *3 n.1 (E.D. La. June 4, 2010) (collecting cases).

[6] See Singh v. Daimler-Benz AG, 9 F.3d 303, 309 (3d Cir. 1999); see also W. Weber, Co. v. Kosack, Civ. No. 96-9581, 1997 WL 666246, at *2 (S.D.N.Y. Oct. 24, 1997); Gray v. Moore Bus. Forms, Inc., 711 F. Supp. 543, 544–45 (N.D. Calif. 1989); Wright & Miller, supra, § 3642.

Court finds that the plain language of the 1988 Amendments defeats the exception that the plaintiffs seeks to advance here.[7]

Second, many of the plaintiff's cases are in a different procedural context, that is, plaintiffs who identified a fictitious non-diverse defendant and sought to add them to the complaint by amendment. In the Wright decision, for instance, a named defendant conceded the identity of a non-diverse fictitious defendant, whereupon the court pursuant to 28 U.S.C. § 1447(e) used "a shorthand method of allowing an amendment to add the non-diverse party and then remanding." Wright, 747 F. Supp. at 653–54. Somewhat similarly, in Brown and Tompkins, plaintiffs had identified the fictitious non-diverse defendants and amended (or sought to amend) their complaints to add them. Brown, 897 F. Supp. at 1401; Tompkins, 847 F. Supp. at 463. Rather than directly applying 28 U.S.C. § 1447(e) to consider whether to permit joinder, the Brown and Tompkins decisions first considered the standard articulated in Green regarding whether the original allegations gave a "definite clue" about the identity of the fictitious defendants. Brown, 897 F. Supp. at 1401; Tompkins, 847 F. Supp. at 463. Thus, even if the Undersigned adopted this overruled doctrine, it is inapplicable to the case at hand.

In sum, the plaintiffs have provided insufficient facts to support the specific identity and citizenship of the fictitious parties, and the doctrine that plaintiffs rely on to save them from this situation clearly is unavailing.

---

[7] As the Eleventh Circuit Court of Appeals noted, "[t]his amendment was a reaction to decisions like Coker and Bryant which kept otherwise removable cases in state court so long as fictitious defendants were not expressly dismissed." Wilson v. Gen. Motors Corp., 888 F.2d 779, 782 n.3 (11th Cir. 1989) (citing Coker v. Amoco Oil Co., 709 F.2d 1433, 1439 (11th Cir.1983); Bryant v. Ford Motor Co., 844 F.2d 602 (9th Cir.1987)). Notably, Coker relied upon Green for support for the very exception at set forth here and made obsolete by the 1988 amendments. See Coker, 709 F.2d at 1439.

## IV.  CONCLUSION

For the reasons above, the Undersigned recommends that the Court deny plaintiffs' Motion to Remand without prejudice.

s/<i>Michael A. Hammer</i><br><b>UNITED STATES MAGISTRATE JUDGE</b>

Date: August 9, 2012